# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| MEWN MEDIA INC., a Florida corporation,<br><br>Plaintiff,<br><br>v.<br><br>KADENA LLC, a Connecticut limited liability company,<br><br>Defendant. | Case No.  _____ |

**COMPLAINT**
**JURY TRIAL DEMANDED**

Prerna Rao
OMNIA LAW
115 Technology Drive, Suite A303
Trumbull, CT 06611
t.203.880.5999
prao@omnia-law.com

Nitoj P. Singh*
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, CA 94108
t.415.433.1700
nsingh@dhillonlaw.com
*Pro Hac Vice to be submitted

Anthony J. Fusaro, Jr.*
DHILLON LAW GROUP INC.
50 Park Place – Suite 1105
Newark, NJ 07102
t.408.434.8349
afusaro@dhillonlaw.com
*Pro Hac Vice to be submitted

1. Plaintiff Mewn Media Inc. ("Mewn Media" or "Mewn"), by and through its attorneys, the Dhillon Law Group Inc., and Omnia Law, files this Complaint against Kadena LLC ("Kadena") for breach of contract, unjust enrichment, and quantum meruit.

2. Upon personal knowledge, or if so indicated, upon information and belief, Mewn Media alleges as follows:

## NATURE OF THE ACTION

3. This dispute concerns an unfortunately common paradigm plaguing tech startup culture. As soon as company valuations skyrocket, greedy founders, who were once desperate for the contributions of others, seek to minimize those contributions in an effort to seize a bigger piece of the pie. Kadena, a cryptocurrency company, now follows in the footsteps of other tech companies with a policy to beg for forgiveness rather than ask for permission.

4. Here, Mewn Media contracted with Kadena to provide consulting services to the company. Mewn did provide such consulting services to Kadena, to rave reviews from Kadena's agents. However, when it came time to pay Mewn for the services rendered, Kadena instead kicked Mewn to curb and thought they could get away with paying nothing.

5. The reason for the termination was likely the soaring value of the Kadena cryptocurrency that Mewn Media was to be paid in. At the time Mewn entered into the first of two agreements at issue with Kadena, the cryptocurrency was worth approximately $.042/token; when it entered into the second of these agreements, it was worth $1.85/token. But when Mewn's agreement with Kadena was terminated, Kadena's cryptocurrency was worth approximately $11.50/token. Kadena apparently balked at the idea of paying Mewn almost 25 times what they believed the compensation was originally worth.

6. This action follows Kadena's failure to justly compensate Mewn Media for the services it provided to Kadena.

## THE PARTIES

7. Plaintiff Mewn Media is a Florida corporation with its principal place of business at 19195 Mystic Point Drive, Suite 507, Aventura, Florida 33180.

8. Defendant Kadena LLC is a Connecticut limited liability company, with, upon information and belief, its principal place of business in New York, New York.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1) as Plaintiff is a citizen of Florida, and Defendant Kadena is a citizen of Connecticut and New York. The amount in controversy exceeds $75,000.

10. Venue is proper in this Court because the Parties agreed in their Consulting Agreement, the contract at issue in this matter, that claims should be brought in the United States District Court for the District of Connecticut.

## FACTUAL BACKGROUND

11. Mewn Media is a proven commodity in the crypto space and has delivered results time and time again for its clients. Mewn is well-respected in the community and is often called upon to deliver growth, partnerships, community engagement, and investors to clients and companies such as Ethernity Chain, Kaddex, Akash, Siren, and Ankr.

12. On July 1, 2021, Kadena and Mewn Media entered into the first of two Consulting Agreements ("Initial Agreement"). Mewn Media performed so well under this agreement that Kadena renewed its deal with Mewn.

13. Kadena understood that the sole proprietor of Mewn Media, Gregory Gopman, was a regular and proven consultant in the crypto space when it sought to enter its agreements with Mewn. At the time, given Mr. Gopman's status as a consultant, Kadena knew that Mr. Gopman and Mewn Media would be providing services to other clients at the same time as Kadena.

14. On or about July 14, 2021, Kadena and Mewn Media entered into a Consulting Agreement (the "Agreement"). The Agreement provided that Mewn Media and Mr. Gopman were to provide services to Kadena on an "as requested" basis, and pursuant to a Marketing Proposal provided by Mewn Media.

15. Under the Marketing Proposal, the parties' Agreement could be terminated by either side on 30 days' notice. The Agreement made clear that Mr. Gopman was an independent contractor, not an employee, with the assumption that Mr. Gopman would continue to work with other blockchain companies while consulting for Kadena.

16. Indeed, Mr. Gopman's supervisor, Francesco Melpignano ("Mr. Melpignano"), directed Mr. Gopman to assist his friends at other companies, including Kaddex and Siren.

17. Under the Agreement, Mewn Media was to receive a total of 148,000 KDA (Kadena's native cryptocurrency) for 90 days of consulting services, in addition to an indefinite amount of KDA based on certain incentives. Payments were due monthly, in cryptocurrency only, with an additional premium for payment in Kadena's native cryptocurrency. That Mewn Media only accepted payment in cryptocurrency was common in the industry, and made clear that Mewn dealt in cryptocurrencies such as Bitcoin and Etherium—the two most common cryptocurrencies used for payment.

18. On October 8, 2021, the parties entered into the First Amendment to Mewn Media Inc. Consulting Agreement (the "Amendment"). Under the Amendment, Mewn Media was to be

paid 6,000 KDA per month, plus bonuses should it hit certain milestones, including, *inter alia*: KDA Exchange Listing – 50,000 KDA; Ecosystem Grant – 50,000 KDA; Bridget Asset Partnerships – 20,000 KDA; and Layer 1 or 2 Partnerships – 20,000 KDA.

19. From October 2021 through December 2021, Mewn Media worked tirelessly to make Kadena a success. Mr. Melpignano regularly commended Mr. Gopman for doing a "great job" and praised him for "killing it." Through Mr. Gopman's efforts, Mewn Media was delivering on its promises and promoting Kadena to new heights. Mr. Gopman delivered on, *inter alia*, several KDA Exchange Listings, including Gate.io., OK Coin, and OKex; caused Kadena to receive Ecosystem Grants from Massive.io (multiple contracts); entered into agreement with ZoidPay; and entered into partnerships with Frax and Clover Finance.

20. However, on December 21, 2021, Kadena ended its agreement with Mewn Media for pretextual reasons, in breach of the parties' Agreement and Amendment. Kadena failed to pay Mewn Media for services rendered or expenses. At the time Kadena ended its agreement with Mewn, KDA was valued at $11.50/token.

21. Specifically, Kadena failed to make three payments of 6,000 KDA to Mewn Media: on December 1, 2021, when the value of KDA was $18.50/token; on January 1, 2022, when the value of KDA was $13.00/token; and on January 22, 2022, when the value of KDA was $5.50/token. The first two of these three payments represent Mewn Media's monthly payments under the Agreement, and the third payment represents the 30-day termination fee under the agreement.

22. In addition, Kadena failed to compensate Mewn Media for a conference held in December 2021, at the behest of Kadena's leadership, which cost Mewn over $40,000 in expenses.

4

23. Mewn Media, upon information and belief, earned further bonuses on other deals, not yet known to it, but will be uncovered in discovery. With the milestones, unpaid salary, and expenses, Mewn Media is owed $3,597,000.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

24. Mewn Media incorporates every allegation contained in each and every one of the above paragraphs, as though set forth fully herein.

25. Mewn Media entered into valid agreements, the Consulting Agreement and the Amendment, with Kadena.

26. Mewn Media performed all obligations required of it under the Consulting Agreement and Amendment that were not excused or waived by Kadena's conduct.

27. Kadena breached the Consulting Agreement and Amendment by failing to pay Mewn Media its compensation due under the agreements and reimburse it for expenses incurred.

28. As a result of the breach, Mewn Media suffered damages of $3,597,000.

29. Mewn Media also requests that it be awarded pre-judgment interest and costs.

## SECOND CLAIM FOR RELIEF
### Unjust Enrichment

30. Mewn Media incorporates every allegation contained in each and every one of the above paragraphs, as though set forth fully herein.

31. As set forth above, Kadena received a benefit from Mewn Media's works and the materials and services provided by Mewn Media.

32. Kadena did not compensate Mewn Media for the services that it rendered.

33. The failure to pay Mewn Media was a detriment to Mewn.

34. As a result of Kadena's conduct, Mewn Media suffered damages of $3,597,000.

35. Mewn Media also requests that it be awarded pre-judgment interest and costs.

### THIRD CLAIM FOR RELIEF
### Quantum Meruit

36. Mewn Media incorporates every allegation contained in each and every one of the above paragraphs, as though set forth fully herein.

37. As set forth above, Kadena received a benefit from Mewn Media's works and the materials and services provided by Mewn.

38. Kadena knew about the benefit provided by Mewn Media, and it accepted and received the benefit.

39. Kadena failed to compensate Mewn Media for the benefit received.

40. As a result of Kadena's conduct, Mewn Media suffered damages of $3,597,000.

41. Mewn Media also requests that it be awarded pre-judgment interest and costs.

*  *  *  *  *

**PRAYER FOR RELIEF**

Wherefore, Mewn Media prays for judgment against Kadena as follows:

1. For all damages legally and/or proximately caused to Mewn Media by Kadena;

2. For prejudgment and post-judgment interest on each sum outstanding; and

3. For such other and further relief as the Court deems just and proper.


Respectfully submitted,

Dated: February 23, 2023  
Trumbull, Connecticut

OMNIA LAW

By: ___/s/ Prerna Rao_____
Prerna Rao
115 Technology Drive, Suite A303
Trumbull, CT 06611
t.203.880.5999
prao@omnia-law.com

Nitoj P. Singh*
Dhillon Law Group Inc.
177 Post Street – Suite 700
San Francisco, CA 94108
t.415.433.1700
nsingh@dhillonlaw.com
*Pro Hac Vice to be submitted

Anthony J. Fusaro, Jr.*
Dhillon Law Group Inc.
50 Park Place – Suite 1105
Newark, NJ 07102
t.408.434.8349
afusaro@dhillonlaw.com
*Pro Hac Vice to be submitted

*Attorneys for Plaintiff Mewn Media Inc.*